## THE ENRIGHT.

### (District Court, N. D. Ohio.)

RAISING SUNKEN VESSEL—LIEN.

Where a party contracted to raise a sunken scow for a certain amount of money, hold her up for a certain amount per day, and pull her out for a certain stipulated price, and the contracts were severally performed in the time stipulated, no part of the service thus performed was salvage service, but should rank for lien with repairs and supplies.

Libel for Salvage Service.

*Robison & Kidd*, proctors for libellants.

*John F. Weh*, for defendant.

WELKER, D. J. The defendant, on the seventeenth day of October, 1874, loaded with stone at Clough's dock, five miles from Black River, for Toledo, and started on her trip. After getting a few miles out the weather became inclement. She began to leak, her pumps were used, and the master decided to put into the port of Black River. In going in the vessel struck the pier, but got in, the pump being used until she reached the dock, a few minutes after reaching which, in consequence of her leaking condition, she sank in 12 or 14 feet of water, all of which occurred on the day and evening of the aforesaid date. On the nineteenth day of October, 1874, the libellant and the master and owner entered into written contracts to raise the vessel, and draw her upon the bank of the river for stipulated amounts, to-wit, $675 to raise her, $50 per day for holding her up, and $200 for pulling her out. The contracts were severally performed by the libellant in the time stipulated, and the evidence showed that the

vessel was not in the way of the navigation of the river, and would not have been materially damaged if she had remained in the river until the spring following. *Held:* (1) That no part of the service thus performed was salvage service, and thereby superior to seamen's wages. (2) That it was contract service, and should rank for lien with repairs and supplies.

Decree accordingly.